[Civ. No. 9380. First Appellate District, Division One.—November 15, 1934.]

ERA EVELINE NAYLOR, Respondent, v. CHARLES B. NAYLOR, as Executor, etc., Appellant.

Edward E. Craig and Charles C. Loosli for Appellant.

William T. Paullin and Alfin N. Nelson for Respondent.

TYLER, P. J.—Action by a wife against the estate of her deceased husband for breach of a property settlement. The creditor's claim upon which the action is based arose out of the following facts: On the ninth day of April, 1931, Charles F. Naylor and Era Eveline Naylor, his wife, entered into a contract settling and determining their property rights arising out of their marital status. The contract recites that the parties have ceased to live together and that they have agreed upon a property settlement. It provides that by the performance of mutual promises the wife is to relinquish and set over to her husband all her right, title and interest in and to the community property, and the husband is to pay the wife the sum of $900 in installments of $75 a month until a total of $900 has been paid, and in addition thereto that the husband maintain and keep certain specified policies of life insurance in force for the benefit of the wife for one year from the date of the agreement without change of beneficiary. The same month the parties were divorced, and within a year after entering into the contract Charles F. Naylor died, leaving four payments, amounting to the sum of $300, due as ali-

mony under the agreement. The policy of insurance for $1,000 mentioned in the agreement was allowed by the decedent to lapse. The action was brought to recover the amount of these two items.

Plaintiff alleged that she had fully and faithfully performed all things by her to be performed under the terms of the contract, and that her deceased husband had not performed his part of the contract. These allegations were denied. The issue thus presented was whether or not plaintiff had failed to perform her obligation under the contract. It was claimed by defendant that plaintiff had retained possession of certain household furniture after the execution of the agreement. Plaintiff claimed that the furniture was not community property, but, on the contrary, that the same was her separate property, having been acquired by her as a gift from her husband prior to the entering into of the agreement. The question of whether or not plaintiff performed her part of the agreement depended on the character of the property in question. The case was tried before a jury and judgment was entered thereon in the sum of $1300.

█ Appellant here claims that there is no evidence in the record to show that plaintiff has sustained the burden of proving that she had performed her part of the agreement. There is no merit in the contention. The evidence shows that the husband had made a gift to his wife of the furniture in question prior to the entering into of the agreement, and had personally assisted her in removing it from the apartment where they were both living to an apartment she had rented for herself where she lived alone. The evidence is sufficient to show full performance on the part of plaintiff. █ Appellant further claims that the trial court committed prejudicial error when it failed to submit to the jury, under appropriate instructions, the issue of whether plaintiff had performed her part of the contract sued upon. The trial court fully and fairly instructed the jury upon the issue involved. The jury was instructed in substance that it was for it to say whether or not the household furniture in the possession of plaintiff was or was not community property at the time she became possessed of it or whether her husband had made a gift of it to her. The jury was further instructed that if it found

plaintiff had refused to turn over to her husband any community property pursuant to the terms of the agreement, and if it found that she retained property not given to her by her husband, then defendant was to recover. These and other instructions fully covered the issue. No other questions are presented.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.